## GIMBEL BROS., Inc., v. FEDERAL TRADE COMMISSION.

### No. 72.

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1941.

Chadbourne, Wallace, Parke & Whiteside, of New York City (Horace G. Hitchcock and Walter T. Southworth, both of New York City, of counsel), for petitioner.

W. T. Kelley, Chief Counsel, Martin A. Morrison, Asst. Chief Counsel, Merle P. Lyon and James W. Nichol, all of Washington, D. C., Sp. Attys., Federal Trade Commission, for respondent.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This case comes before the court upon the petition of Gimbel Brothers, Inc., which asks us to review and set aside an order of the Federal Trade Commissioner directing the petitioner to cease and desist from using the word "wool" or "woolens" or any other word or term descriptive of wool to designate any product not composed wholly of wool; with a proviso that goods composed in part of wool may be so advertised if the percentage of each con-

stituent material is stated. The facts upon which the order is based are not seriously in dispute.

The petitioner conducts a retail department store in New York City and is engaged in both intrastate and interstate commerce. In March 1938 it purchased from a jobber in dress goods a job lot of fabrics, comprising 7150 yards of "Mill ends", and put them on sale at its store. Some of the goods were all wool, but a large part of them were mixtures of wool and other material, such as rayon or cotton, in varying proportions. It advertised the goods as being offered at bargain prices and described them in its newspaper advertisement as "woolens"—a term which means to the purchasing public a fabric composed wholly of wool. The commission found that the goods were misrepresented in the advertisement and that such misrepresentation has the tendency to deceive the public and unfairly to divert interstate trade from competitors of the petitioner; it made no finding that the petitioner knew, or was negligent in not knowing, that the goods were not all wool.

■ The petitioner contends that a single instance of unintentional misrepresentation does not constitute an unfair method of competition within the meaning of section 5 of the Federal Trade Commission Act of 1914, 15 U.S.C.A. § 45. We think it plain that soliciting the purchase of goods by advertisement is a method of competition; if the advertisement contains false representations, it is an unfair method of competition. Cf. Sears, Roebuck & Co. v. Federal Trade Commission, 7 Cir., 258 F. 307, 6 A.L.R. 358. Whether or not the advertiser knows the representations to be false, the deception of purchasers and the diversion of trade from competitors is the same. The purpose of the statute is protection of the public, not punishment of a wrongdoer. See Federal Trade Commission v. Klesner, 280 U.S. 19, 27, 50 S.Ct. 1, 74 L.Ed. 138, 68 A.L.R. 838; Royal Baking Powder Co. v. Federal Trade Commission, 2 Cir., 281 F. 744, 752. It is in the public interest to prevent the sale of commodities by false and misleading statements. Federal Trade Commission v. Winsted Hosiery Co., 258 U.S. 483, 494, 42 S.Ct. 384, 66 L.Ed. 729; Federal Trade Commission v. Raladam Co., 283 U.S. 643, 649, 651, 51 S.Ct. 587, 75 L.Ed. 1324, 79 A.L.R. 1191. Hence a deliberate effort to deceive is not necessary to make out a case of "using unfair methods of competition" within the prohibitions of the statute. Federal Trade Commission v. Algoma Lumber Co., 291 U.S. 67, 79, 81, 54 S.Ct. 315, 78 L.Ed. 655; Federal Trade Commission v. Balme, 2 Cir., 23 F.2d 615, 621. The petitioner urges that a single instance of false advertising cannot be a "method" of unfair competition. There are at least dicta that a single act may be a violation of the statute. Fox Film Corp. v. Federal Trade Commission, 2 Cir., 296 F. 353, 356; Philip Carey Mfg. Co. v. Federal Trade Commission, 29 F.2d 49, 51. But regardless of such dicta, the petitioner's conduct cannot rightly be treated as "a single instance of unintentional misrepresentation." The advertisement was published twice, on different dates, and it solicited numerous readers to make individual purchases of small portions of more than 7,000 yards of goods offered for sale. Such solicitation by false representations cannot be considered as a single act.

■ We are satisfied that the commission's order was correct, except for its burdensome proviso. This required, in the case of fabrics composed only partly of wool, words describing each constituent fibre in the order of its predominance by weight; and if any particular fibre was not present in a substantial amount by weight, the percentage in which such fibre is present was required to be stated. This goes too far. Wrisley Co. v. Federal Trade Commission, 7 Cir., 113 F.2d 437, 442. The gist of the complaint was that the petitioner represented mixed goods as all wool; but there was no charge that the petitioner had been selling mixed goods as such without describing each constituent fibre in the order of its predominance by weight, or specifying the percentage of the various ingredients. An order to desist from such a practice goes beyond the complaint, and to that extent the order is improvident. See Federal Trade Commission v. Gratz, 253 U.S. 421, 427, 40 S.Ct. 572, 64 L.Ed. 993. To require each constituent element to be described in the order of its predominance or in percentages would seem to require the retailer to make a laboratory test of each piece of goods put on sale. The petitioner's competitors are not required to describe mixed woolens in any such detail. The commission expressly found that one competitor "truthfully represented" similar merchandise as "Mixtures of Wool

580

and Rayon". We think the order should be modified to direct the petitioner to cease and desist from:

"(1) Using the word 'wool,' or 'woolens' or any other word or term descriptive of wool, to describe, designate or in any way refer to any fabric or product which is not composed wholly of wool; provided, however, that in the case of fabrics or products composed in part of wool and in part of other fibers such words may be used as descriptive of the·wool· content if there is used .in immediate connection or conjunction therewith, in letters of at least equal size and conspicuousness, words truthfully describing and designating each constituent fiber or material thereof.

"(2) Representing in any manner whatsoever that fabrics or products offered for sale or sold by it contain wool in greater quantity than is actually the case."

As so modified the order is affirmed.