Ralph WILLIAMS, Individually and
Ralph Williams, Inc., Appellant,

v.

STATE OF WASHINGTON, Appellee.

No. 19452.

Court of Civil Appeals of Texas,
Dallas.

March 20, 1979.

Rehearing Denied April 18, 1979.

Jerry N. Jordan, Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, for appellant.

David R. Snodgrass, Wynne & Jaffe, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

ROBERTSON, Justice.

The State of Washington, appellee, filed suit against Ralph Williams, individually, and Ralph Williams, Inc., appellants, to enforce a judgment rendered in Washington against appellants. The trial court granted the State's motion for summary judgment. On original submission, we reversed and rendered judgment for appellants holding that the Washington judgment was not final and, thus, not entitled to full faith and credit. *Williams v. State of Washington,* 566 S.W.2d 54 (Tex.Civ.App.—Dallas 1978). The supreme court disagreed with that holding, reversed our decision, and remanded the case to us for consideration of the other points raised by appellants. *State of Washington v. Williams,* 22 Tex.Sup.Ct.J. 102 (Jan. 10, 1979). Since we hold that appellee established its right to recover by proper summary judgment evidence, we affirm. Tex.R.Civ.P. 166–A (1976); *Silcott v. Wilson,* 579 S.W.2d 291 (Tex. Civ.App.—Dallas 1979, no writ).

Appellants raise six arguments: (1) the Washington judgment is penal in nature and not entitled to full faith and credit; (2) the enforcement of this judgment would offend Texas public policy; (3) the judgment is vague and thus, is unconstitutional and void; (4) the Washington Consumer Protection Act, Wash.Rev.Code Ann. §§ 19.-86.010–920 (1978), is unconstitutional; (5) the Washington trial court erred in awarding attorney's fees; and (6) the Texas trial court erred in refusing to allow appellants to complete discovery.

U.S.Const. Art. IV, sec. I, states: "Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other state." Congress has implemented this portion of the Constitution in 28 U.S.C. § 1738 (1953). Appellants contend, however, that judgments that are penal in nature are not entitled to full faith and credit, citing *Huntington v. Attrill,* 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892). Although this is a valid exception to the full faith and credit doctrine, we hold that this judgment based on the Washington Consumer Protection Act is not penal, and thus, must be enforced.

*Huntington v. Attrill, supra,* defines the limits of penal statutes not entitled to sister state enforcement. The supreme court stated:

> The question whether a statute of one state, which in some aspects may be called penal, is a penal law, in the international sense, so that it cannot be enforced in the courts of another state, depends upon the question whether its purpose is to *punish an offense* against the public justice of the state, or to *provide a private remedy* to a person injured by the wrongful act. 146 U.S. at 674, 13 S.Ct. at 230. [Emphasis added].

The court went on to say that criminal or quasi criminal statutes were the only types of penal statutes that fall under the exception to the full faith and credit doctrine. It is in this context that the Washington Consumer Protection Act must be evaluated.

In *State v. Ralph Williams' North West Chrysler Plymouth, Inc.,* 82 Wash.2d 265, 510 P.2d 233, 242 (1973), the Washington Supreme Court held that the Washington Consumer Protection Act is not penal by virtue of its provisions for imposition of civil penalties in a civil action. *See also Johnston v. Beneficial Management Corp.,* 85 Wash.2d 637, 538 P.2d 510, 515 (1975).

The statute itself also provides guidelines by which it is to be interpreted. Wash.Rev. Code Ann. § 19.86.920 (1978) provides:

> The legislature hereby declares that the purpose of this act is to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive and fraudulent acts or practices in order to protect the public and foster fair and honest competition. It is the intent of the legislature that, in construing this act, the courts be guided by the interpretation given by the federal courts to the various federal statutes dealing with the same or similar matters.

The Federal Trade Commission Act, 15 U.S.C. §§ 41–58 (1973) is the federal counterpart of the Washington Consumer Protection Act. F.T.C.A. sections providing for civil penalties have been interpreted by federal courts, and have been found to be remedial, as opposed to penal, in nature. *United States v. J. B. Williams Co., Inc.,* 354 F.Supp. 521 (S.D.N.Y.1973), *affirmed in part on other grounds* 498 F.2d 414 (2d Cir. 1974); *United States v. St. Regis Paper Co.,* 355 F.2d 688, 693 (2d Cir. 1966); *see Federal Trade Commission v. Klesner,* 280 U.S. 19, 50 S.Ct. 1, 74 L.Ed. 138 (1929); *Gimbel Bros. v. Federal Trade Commission,* 116 F.2d 578 (2d Cir. 1941); *Regina Corp. v. Federal Trade Commission,* 322 F.2d 765 (3d Cir. 1963). The decretal portions of the judgment rendered below consist essentially of the following lettered paragraphs:

A. Describes to whom the injunctive portions apply.

B. Details the injunctive relief to protect consumers from further violations of the statute.

C. Orders restoration to consumers of monies or property acquired by violations of the statute, with further orders or judgments as the court deems necessary.

D. Allows consumers to pursue any other available remedies.

E. Assesses costs including attorney's fees of $389,258.20 against defendants.

F. Assesses civil penalties of $279,000 for violations committed by each defendant.

G. Assesses civil penalties for violations against *Ralph Williams, Inc.,* and *Ralph Williams' North West Chrysler Plymouth, Inc.* (not a party to this appeal) each for $10,250.

H. (Deleted from judgment prior to entry.)

I. Retains jurisdiction to enforce compliance.

J. Dismisses proceeding in all other respects and enters decree under Wash. Rev.Code Ann. § 19.86.080.

The trial court also issued an order concerning restitution and attached it to the judgment as an appendix. Appellants were ordered to establish two trust accounts for the purpose of making restitution to consumers. These accounts were to be funded with the civil penalties assessed against appellants. The entire thrust of the judgment is the protection of the consumer. Therefore, we hold that the Washington Consumer Protection Act is not a penal statute and it follows that a judgment based on such statute is not penal in nature.

■ Appellants next contend that the Texas Deceptive Trade Practice-Consumer Protection Act, Tex.Bus. & Comm.Code Ann. §§ 17.41–63 (Vernon Supp.1979) and the Washington Consumer Protection Act are so dissimilar that the enforcement of these judgments would be against Texas public policy. We find no merit in this contention. The policy underlying both statutes is the protection of the consumer from false, misleading or deceptive advertising. That the Washington statute utilizes different means than the Texas statute to accomplish the same goal does not make the enforcement of this judgment violate Texas public policy.

■ Next, appellants argue that the Washington trial court erred in its award of attorney's fees and that the Washington Consumer Protection Act is unconstitutional. Both of these arguments are collateral attacks upon the merits of the judgment. As a general rule, a sister state judgment, final and non-penal in nature, can only be

collaterally attacked if void as rendered on these grounds: (1) that the rendering court lacked jurisdiction; (2) that the judgment has been paid or otherwise discharged; (3) that it is a cause of action for which the forum state has not provided a court; (4) or that the judgment was procured by fraud. *Milwaukee County v. M. E. White Co.,* 296 U.S. 268, 271, 272, 56 S.Ct. 229, 231, 80 L.Ed. 220, 227 (1935). If unconstitutionality of a statute on which a judgment is based goes to the merits of the action rather than the jurisdiction of the court, it cannot be raised collaterally by attacking the judgment when it is sued on in another state. *Commonwealth of Massachusetts v. Davis,* 140 Tex. 398, 168 S.W.2d 216, 220, *cert. denied,* 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848 (1942). Neither of appellants' arguments demonstrate that the judgment was void when rendered. The record reflects that appellants generally appeared in the Washington litigation, that the judgment remains unsatisfied, that these are questions that could be properly raised in Washington, and that fraud was not pleaded or proved. Thus, we overrule these points.

 Further arguing that paragraph J of the judgment dismisses the civil penalty portion of the judgment and renders only injunctive relief, appellant claims that the judgment is void due to vagueness. Paragraph J recites that "this proceeding in all other respects is hereby dismissed," and appellants contend that it directs entry of judgment under Wash.Rev. Code Ann. § 19.86.080 (1974) (injunctive relief), and that no judgment was entered under Wash. Rev. Code Ann. §§ 19.86.020 or 18.86.140 (1974) (civil penalties). Although a judgment may be collaterally attacked if void as rendered, *W. T. Rawleigh Co. v. Little,* 32 S.W.2d 214 (Tex.Civ.App.—Amarillo 1930, writ ref'd), we hold that the judgment as rendered is not void due to vagueness. Reading the judgment as a whole reveals that civil penalties, as well as injunctive relief, are clearly spelled out and carefully defined. Paragraph J dismisses the proceedings as to any respect not made the subject of any affirmative award elsewhere in the judgment.

 Finally, appellants contend that the trial court erred in refusing to allow them to complete discovery. We find no merit in this contention. Absent a showing that the trial court has abused its discretion, its action will not be reversed. *Gale v. Spriggs,* 346 S.W.2d 620, 625 (Tex.Civ.App.—Waco 1961, writ ref'd n. r. e.); *Cutler v. Gulf States Utilities Co.,* 361 S.W.2d 221, 224 (Tex.Civ.App.—Beaumont 1962, writ ref'd n. r. e.). Through discovery, appellant sought to collaterally attack and to challenge the finality of these judgments. Since we hold that the judgment is not subject to collateral attack, and the supreme court has held it to be final, the trial court did not abuse its discretion in denying further discovery.

Accordingly, we affirm.