**Mario TURTUR, Relator,**

**v.**

**The Honorable Norman LEE, Presiding Judge of the 257th District Court, Respondent.**

No. 08–85–00312–CV.

Court of Appeals of Texas, El Paso.

Jan. 8, 1986.

Bernard Wm. Fischman, Lackshin & Nathan, Houston, for relator.

Norman Lee, Harris County Family Law Center, Houston, for respondent.

Earle S. Lilly, Piro & Lilly, P.C., Houston, Ann Crawford McClure, El Paso, for interested party.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

Relator seeks to prevent implementation of a discovery order issued by the Respondent in a divorce proceeding pending in the 257th District Court of Harris County. The real party in interest has objected to any exercise of mandamus authority by this Court over a district judge whose domicile and place of office is in Harris County, outside the territorial limits of this Court, and in connection with litigation pending in Respondent's court. Relator contends that Section 22.221(b) of the Texas Government Code (Vernon 1986 Pamphlet) extends

statewide territorial jurisdiction to this Court in such a mandamus proceeding:

Each court of appeals may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district or county court.

Prior to the 1985 enactment of the Government Code, the statutory authority was found in Tex.Rev.Civ.Stat.Ann. art. 1824:

Said Courts or any Justice thereof, in vacation, may issue all writs of Mandamus agreeable to the principles of law regulating such writs, against any Judge of a District or County Court.

The earlier version of Article 1824, repealed in 1983, and former Article 1823, repealed in 1985, limited the basis for this Court's exercising original mandamus power to those instances in which it was necessary to the enforcement of our jurisdiction or to compel a district or county court judge to proceed to trial. While not expressly limited to our territorial boundaries, such a limitation was a necessary implication arising from the bases upon which relief expressed in the last version of Article 1824 and Section 22.221(b) of the Government Code that any question arises as to possible statewide power. Such suggestion arises as only one implication of the ambiguous phrase "a judge of a district or county court." We are thus confronted with a statutory construction problem of first impression.

None of the cases cited by either side are of assistance in deciding this issue. Without exception, Relator's cited authorities demonstrate the exercise of original jurisdiction in cases involving conflicting lower court proceedings in two supreme judicial districts. Where original writs were directed across district lines, such was done to preserve an underlying territorial authority and connection between the cause of action (at least in one forum) and the issuing court of appeals. *See e.g. Rathbun v. Boyd,* 155 S.W.2d 385, 387 (Tex.Civ.App.— Galveston 1941, no writ); *National Debenture Corporation v. Adams,* 115 S.W.2d 757, 760–761 (Tex.Civ.App.—Galveston 1938, no writ); *Cattleman's Trust Compa-ny of Fort Worth v. Willis,* 179 S.W. 1115, 1117 (Tex.Civ.App.—Fort Worth 1915,, no writ). No conflict of jurisdiction between two trial courts in two different appellate districts is involved in the case before us. The extraterritorial writs issued in the above cited cases do not represent either an expansion of original jurisdiction or an exception to the established rule of geographical limitation. The relief was simply ancillary to the exercise of original jurisdiction over legal proceedings within the territorial confines of the issuing courts.

The case of *Parr v. Hamilton,* 437 S.W.2d 29 (Tex.Civ.App.—Corpus Christi 1968, no writ) is equally inapplicable. Two divorce petitions had been filed in two trial courts in different appellate districts. The wife's plea in abatement was denied in the Duval County court, and she was enjoined from prosecuting her own petition in Nueces County. The Corpus Christi Court of Civil Appeals refused to mandamus the trial judge *within its own* appellate district because: 1) the theory upon which the abatement was denied was a cognizable legal principle in assessing the priority of filings, 2) the outcome of the abatement decision turned upon a factual finding of the trial judge in Duval County and 3) available appellate relief via the San Antonio Court of Civil Appeals had been waived. The *Parr* case actually reflects a conflict between one appellate court's original jurisdiction and another appellate court's appellate jurisdiction. It is of little utility in resolving the present issue.

■ Section 311.023 of the Texas Government Code (Vernon Pamphlet 1986) states:

In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:

(1) object sought to be attained;

(2) circumstances under which the statute was enacted;

(3) legislative history;

(4) common law or former statutory provisions, including laws on the same or similar subjects;

(5) consequences of a particular construction;

(6) administrative construction of the statute; and

(7) title (caption), preamble, and emergency provision.

While some of the above factors are purely speculative in this case, the import of the others leads this Court to construe Section 22.221(b) as an expansion of the basis for mandamus relief at this level, i.e. subject matter jurisdiction, and not an expansion of our territorial jurisdiction in original proceedings. Under the authority of Article V, Section 6 of the Texas Constitution, the legislature could without doubt provide such a statutory expansion, but we conclude that it has not done so with regard to original proceedings. *See: Bond v. Carter,* 96 Tex. 359, 72 S.W. 1059 (1903).

We first turn to a consideration of the territorial limits of our jurisdiction as it existed prior to the last version of Article 1824 and present Section 22.221 of the Government Code. It is unquestioned that our appellate jurisdiction has been co-extensive with the limits of our supreme judicial district. Additionally:

Said courts shall have such other jurisdiction, original and appellate as may be prescribed by law.

Tex. Const. art. V, sec. 6. This latter provision provided a basis for two significant grants of authority: 1) the Supreme Court's authority under Tex.Rev.Civ.Stat. Ann. art. 1738 (now Government Code Sections 73.001 and 73.002) to transfer appeals from one court of appeals to another for docket equalization and 2) the grant of original mandamus jurisdiction to the courts of appeals initially found in former Articles 1823 and 1824 (now Government Code Sections 22.221(a) and (b)). Thus from the onset, this Court has been limited in the exercise of both appellate and original jurisdiction to the confines of its assigned district. The appellate limitation is express in both constitution and statute. The constitution did not actually grant the original jurisdiction but simply enabled the legislature to so provide. In doing so, the legislature provided only a limited substantive basis for exercising such original relief, a basis which necessarily carried with it a territorial limitation.

The Supreme Court authority to transfer appellate cases across supreme judicial district lines is derived from an express statutory expansion of intermediate court territorial jurisdiction, in sharp contrast to the implied expansion now urged by Relator. In applying the first rule of statutory construction, we conclude that the goal of Section 22.221(b) was to reduce the caseload of the Supreme Court, historically the chief function of the intermediate court. G. Draden, 1 The Constitution of the State of Texas; An Annotated and Comparative Analysis, pp. 398–404 (1977). The goal may be attained in a manner in keeping with existing principles of original jurisdiction by a sharing of the subject matter basis for jurisdiction, without a radical, non-explicit alteration of territorial jurisdictional limits. Thus it cannot be said that the goal of the section relied upon by Relator was to extend statewide jurisdiction to regional appellate courts.

■ Relator may argue that the administrative construction of the statute necessitates a finding of statewide jurisdiction in subsection (b). Subsection (a) is necessarily limited in territorial scope due to the basis allowed for relief. Relief under subsections (c) and (d) is expressly limited geographically. We are not persuaded. In fact, comparing the language of former Article 1824 to Section 22.221(b) we note that the former permitted issuance of the mandate "against *any* judge of a district or county court," while the latter simply permits issuance against "a judge of a district or county court." A stronger argument for statewide jurisdiction would apply to the former article. Additionally, we consider it appropriate to include the preexisting state of territorial limitation in the "principles of law regulating those writs" granted under subsection (b).

Respondent has alternatively argued that this matter should be treated as a venue question under Chapter 15 of the newly

enacted Texas Civil Practice and Remedies Code (Vernon 1986 Pamphlet). To do so would necessitate extending a plea of privilege characterization to the motion to dismiss which has been filed and a remedy of transfer which has not been sought. Nonetheless, had this been truly pursued as a venue issue in an original suit, territorial limitation would again be applicable, with no mandatory or permissive venue exception allowing maintenance of this proceeding in the Eighth Supreme Judicial District. While not controlling, the venue analysis provides further persuasion that the current framework of appellate and original jurisdiction for this Court necessitates adherence to territorial limitation.

The consequences of accepting an implied grant of statewide jurisdiction are unacceptable. The suggestion is repugnant to the electoral process in that extra-territorial recourse to regionally elected officials would become the rule rather than the present exception under the transfer statute. Such a practice would cause increased delay in litigation, forestall finality of judgment and promote conflict between the courts of appeals. This would increase the caseload of the Supreme Court, in diametric opposition to the one goal of Section 22.221(b) which is certain. We appreciate the quality assessment implicit in Relator's preference for pursuing mandamus relief before this particular Court of Appeals, but we are nonetheless of the opinion that the matter is beyond our jurisdiction.

The application is dismissed for want of jurisdiction.