TRINITY CAPITAL CORPORATION,
Relator,

v.

The Hon. David BRIONES, Judge of the County Court at Law No. One, El Paso County, Texas, Respondent.

No. 08–92–00337–CV.

Court of Appeals of Texas,
El Paso.

Jan. 13, 1993.

Rehearing Overruled Feb. 3, 1993.

Ken Slavin, Brower & Slavin, El Paso, for relator.

Francis S. Ainsa, Jr., Stevenson H. Price, Ainsa, Skipworth, Zavaleta & Butterworth, El Paso, for respondent.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

OSBORN, Chief Justice.

This is an original proceeding in which the Relator seeks a writ of mandamus to require a trial judge to set aside an order granting a new trial in a case in which Relator seeks to enforce a foreign judgment. We conditionally grant the writ.

### Contractual Relationship

In October 1989, Kathy and Michael Wilson entered into a written lease agreement with Trinity Capital Corporation under the terms of which the Wilsons were to lease a monogram machine for sixty months. The Wilsons signed the lease in Texas and it was executed by Trinity in California. The lease provided in paragraph 19 that "[t]his Lease shall be governed by and construed in accordance with the laws of the State of California, and Lessee agrees that Lessor may bring any action or claim to enforce any provision of this Lease in the State of California and Lessee hereby consents to personal jurisdiction in either state or federal court therein and consents to service of process in accordance with the laws of the State of California."

### California Judgment

The Wilsons made payments on the lease for nearly a year and then defaulted. Suit was filed by Trinity in municipal court in San Francisco and an answer was filed by the Wilsons. The court, on August 21, 1991, rendered judgment for $21,977.67 plus attorney's fees. In its opinion, the court rejected the argument made by the Wilsons that the lease did not comply with the Texas Business and Commerce Code, Section 35.53 which requires that a choice of law provision be set out in a conspicuous manner with boldfaced print, and therefore, was not enforceable against them. The court held California had a substantial relationship to these parties and this claim and that paragraph 19 was to be enforced and California law governed. The Wilsons appealed and the superior court of California affirmed on April 22, 1992 in an opinion signed by three judges of that court.

### Texas Suit

In June 1992, Relator filed its California judgment in El Paso County Court for enforcement against the Wilsons who were residents of El Paso County. The Wilsons responded by filing a Motion for New Trial. After hearing argument of counsel, but without the presentation of any evidence, the trial court on August 21, 1992, granted the motion for new trial and vacated the California judgment.

### Mandamus Jurisdiction

 This being an original proceeding in this Court, we must first decide if an appellate court has jurisdiction to consider whether it was error for the trial court to grant a new trial. The general rule is that an order granting a new trial is not appealable. *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial District of Texas*, 162 Tex. 613, 350 S.W.2d 330 (1961). Originally, the Courts of Appeals had limited writ of mandamus jurisdiction. Texas Revised Civil Statutes, Articles 1823 and 1824 gave those courts jurisdiction to issue writs of mandamus to enforce the court's jurisdiction and to compel trial judges to proceed to trial and judgment in a case. Mandamus was also available when a trial court entered an order or judgment which was void and also to resolve a question about an irreconcilable conflict in jury answers. *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial District of Texas*. *See also* James B. Sales & John W. Cliff, *Jurisdiction in the Texas Supreme Court and Courts of Civil Appeals*, 26 Baylor L.Rev. 501, 535 (1974).

 Today mandamus will issue to correct a clear abuse of discretion or viola-

tion of a duty imposed by law when that abuse cannot be remedied by appeal. *Jack B. Anglin Company, Inc. v. Honorable Arthur Tipps, Judge*, 842 S.W.2d 266 (1992). Following its holding in *Walker v. Packer*, 827 S.W.2d 833 (Tex.1992), the Court noted that "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion...." 842 S.W.2d at 271. In *Walker v. Packer*, the Court said "[t]he requirement that mandamus issue only where there is no adequate remedy by appeal is sound, and we reaffirm it today." 827 S.W.2d at 842. That requirement is clearly met where the attack is upon an order granting a new trial from which there is no appeal.

■ Not only the Supreme Court but intermediate courts may issue a writ of mandamus in a proper case to correct a clear abuse of discretion, particularly when the remedy by way of appeal is inadequate. *Bert Wheeler's, Inc. v. Ruffino*, 666 S.W.2d 510 (Tex.App.—Houston [1st Dist.] 1983). In *Turtur v. Lee*, 702 S.W.2d 309 (Tex.App.—El Paso 1986), this Court recognized that Section 22.221(b) of the Texas Government Code expanded the subject matter jurisdiction for mandamus relief by Courts of Appeals. In a case decided prior to the enactment of that Section of the Government Code, *Merritt v. Harless*, 685 S.W.2d 708 (Tex.App.—Dallas 1984), the Dallas Court, in an original proceeding, held a trial court lacked authority to enter an order which vacated a Florida judgment and stayed its execution. Mandamus was conditionally granted to require that a void order be set aside.

### United States Constitution and Texas Statute

■ The decision in this case must turn upon the application of the Texas statute which governs enforcement of foreign judgments and the effect of the United States Constitution upon that statute. First, we note the Constitutional provision in Article IV, Section 1 that "[f]ull Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Chapter 35 of the Texas Civil Practice and Remedies Code is entitled "Enforcement of Judgments of Other States". After providing for the filing of an authenticated foreign judgment with a clerk of any court of competent jurisdiction, Section 35.003(c) provides that a foreign judgment "is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed."

First, we would note that the California judgment in this case was entered after the defendants in that case entered an appearance and made no challenge to the jurisdiction of the California trial court. Second, there was an appeal from the judgment of the trial court. Certainly there is no procedure in Texas whereby a trial court may grant a new trial after its judgment has been appealed and affirmed by an appellate court. Thus, under Section 35.003(c), if such procedure was not available for its own judgments, then such procedure did not exist for a foreign judgment. To hold otherwise would result in a failure to give the foreign judgment full faith and credit as is required by the United States Constitution. *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); *Bard v. Charles R. Myers Insurance Agency, Inc.*, 839 S.W.2d 791 (Tex.1992).

■ In those cases where a Texas resident does not appear in a foreign state judicial proceeding, that person may contest the jurisdiction of the foreign court when the judgment is sought to be enforced in Texas. *Strick Lease, Inc. v. Cutler*, 759 S.W.2d 776 (Tex.App.—El Paso 1988, no writ). And under the full faith and credit clause, the burden of showing the invalidity of the foreign judgment is upon the one attacking that judgment. *Riggs v. Coplon*, 636 S.W.2d 750 (Tex. App.—El Paso 1982, writ ref'd n.r.e.). In this case, no evidence was offered. Only the pleadings and attachments were before the trial court.

### Conclusion

■ We conclude that when an attack is made on a duly authenticated foreign judg-

ment in this State, the trial court has only two alternatives, to enforce the judgment or to declare the judgment void for want of jurisdiction. It may not grant a new trial which puts the parties back where they were before the trial in the foreign jurisdiction. If an order is entered to enforce, it may be appealed. If the judgment is declared void, that order may be appealed. But, an order for a new trial may not be appealed.

We conclude that the trial court's order granting a new trial was a clear abuse of discretion and mandamus is an appropriate remedy. We are confident that the trial court will promptly set aside the order granting a new trial and the writ will issue only upon its failure to do so.

The writ is conditionally granted.