CORPORATE LEASING
INTERNATIONAL,
INC., Relator,

v.

Honorable Wayne **BRIDEWELL**, Judge,
249th District Court, Johnson County,
Texas, Respondent.

No. 10–95–013–CV.

Court of Appeals of Texas,
Waco.

April 12, 1995.

Cynthia Keely Timms and Vincent J. Hess, Locke Purnell Rain Harrell, P.C., Dallas, for relator.

Dan M. Boulware, MacLean & Boulware, Cleburne, for real party in interest.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Relator Corporate Leasing International, Inc., seeks a writ of mandamus to compel respondent Wayne Bridewell, Judge of the 249th District Court, Johnson County, to vacate his Order on Motion for New Trial and to issue an order denying the Motion for New Trial. We will conditionally grant the writ.

The real party in interest, Anthony W. Sharber, D.D.S., is a dentist who has been practicing in Glen Rose, Texas, for approximately ten years. Some time ago, the record does not indicate exactly when, Dr. Sharber entered into a lease agreement (the agreement or the lease) with Corporate Leasing, a Michigan corporation, to rent a piece of dental equipment known as a dLase 300 Dental Laser (the Laser). The agreement provided that the legality of the lease would be governed by Michigan law and that Oakland County, Michigan, would be the exclusive forum for litigating any disputes originating from it.

Dr. Sharber eventually defaulted on the lease. Corporate Leasing sued Dr. Sharber in an Oakland County, Michigan, trial court and, after Dr. Sharber appeared and counterclaimed, obtained a judgment against him. Dr. Sharber did not appeal the Michigan judgment.

Corporate Leasing then filed an authenticated copy of the judgment with the district clerk of Johnson County, Texas, under the Uniform Enforcement of Foreign Judgments Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 35.001–35.008 (Vernon 1986). Notwithstanding Corporate Leasing's compliance with the Act, Dr. Sharber successfully petitioned the 249th District Court of Johnson County to vacate the Michigan judgment on the grounds that it derived from an illegal contract.

Dr. Sharber's argument to the 249th court began with his assertion that the Laser is a source of radiation under the Texas Radiation Control Act. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 401.001–401.431 (Vernon 1992 & Supp.1995). Section 401.101 of the Act provides that "[a] person may not use, manu-

facture, produce, transport, transfer, receive, acquire, own, possess, process, or dispose of a source of radiation unless that person has a license, registration, or exemption from the [Texas Department of Health] as provided by this chapter." *Id.* § 401.101. Corporate Leasing had no "license, registration, or exemption" from the Department of Health when it leased the Laser to Dr. Sharber. Dr. Sharber concluded, and the trial court apparently agreed, that the contract was illegal and, therefore, unenforceable. In its mandamus petition Corporate Leasing asserts that the 249th court is obligated to enforce the Michigan judgment whether or not the contract might be illegal under Texas law.

▆▆▆▆ Article IV, Section I of the United States Constitution requires each state to give full faith and credit to the public acts, records, and judicial proceedings of every other state. U.S. CONST. art. IV, § 1. A properly proven foreign judgment must be recognized and given effect coextensive with that to which it is entitled in the rendering state. *Bard v. Charles R. Myers Ins. Agency,* 839 S.W.2d 791, 794 (Tex.1992). The full faith and credit clause requires that a valid judgment from one state be enforced in other states regardless of the laws or public policies of the other states. *Id.* (*citing Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n,* 455 U.S. 691, 714–15, 102 S.Ct. 1357, 1371, 71 L.Ed.2d 558 (1982)).

Dr. Sharber argues that Corporate Leasing should not be able to come to Texas from another state, enter into a lease agreement with a Texas citizen for a piece of machinery located in Texas, and then expect to avoid Texas law governing the lease agreement on that piece of machinery by cleverly including a choice of foreign law provision in the agreement.

This concern was recently addressed by the El Paso Court of Appeals in *Trinity Capital Corp. v. Briones,* 847 S.W.2d 324 (Tex.App.—El Paso 1993, no writ). In *Trinity Capital,* the real parties in interest, the Wilsons, leased a monogram machine from Trinity Capital. *Id.* at 325. The lease agreement contained a California choice of law provision and a California choice of forum provision. *Id.* The Wilsons eventually defaulted on the lease agreement and Trinity Capital brought suit in the San Francisco, California, municipal court. *Id.* The Wilsons appeared in California but the court rejected their argument that the lease agreement was void because the choice of law provision was not set out in boldfaced type and in a conspicuous manner as prescribed by TEX.BUS. & COM.CODE ANN. § 35.53(b) (Vernon Supp.1995). *Id.* The Wilsons lost their appeal in California.

Seeking to enforce the California judgment in Texas, Trinity Leasing filed the judgment in the El Paso County Court under the Uniform Enforcement of Foreign Judgments Act. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 35.001–35.008. The Wilsons, still contending their lease agreement with Trinity Capital was void, filed and were granted a motion for new trial in El Paso. In concluding that the trial court erred in granting the motion, the court of appeals reasoned:

> [T]here is no procedure in Texas whereby a trial court may grant a new trial after its judgment has been appealed and affirmed by an appellate court. Thus, under [the Uniform Enforcement of Foreign Judgments Act], if such procedure was not available for its own judgments, then such procedure did not exist for a foreign judgment. To hold otherwise would result in a failure to give the foreign judgment full faith and credit as is required by the United States Constitution.

*Trinity Capital,* 847 S.W.2d at 326.

▆▆▆▆ Just as the Wilsons in *Trinity Leasing* were not allowed to obtain a new trial in Texas after their dispute with their lessor had been adjudicated in California, Dr. Sharber should not be allowed to attack in Texas the Michigan judgment resolving his dispute with his lessor after it had been litigated. Dr. Sharber may or may not have raised the issue of the agreement's legality under Texas law in Michigan, but the undeniable fact is that he could have done so. *See*

*id.* at 325.[1] Furthermore, the 249th court had no authority to vacate the Michigan judgment on the grounds of its illegality. When a collateral attack is made on a duly authenticated foreign judgment filed in Texas, the trial court has only two alternatives: it can enforce the judgment or, if proper evidence is before it, declare the judgment void for want of jurisdiction. *Id.* at 326–27; *see also Moncrief v. Harvey,* 805 S.W.2d 20, 22 n. 2 (Tex.App.—Dallas 1991, no writ).[2] Vacating the foreign judgment because the Texas trial court believes the contract sued upon was illegal is not an option. *See Moncrief,* 805 S.W.2d at 22 n. 2; *GNLV Corp. v. Jackson,* 736 S.W.2d 893, 894 (Tex.App.—Waco 1987, writ denied). Accordingly, we conclude the trial court erred in vacating the Michigan judgment.

■■■ Mandamus will issue to correct a clear abuse of discretion when there is no other clear and adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A foreign judgment creditor is deprived of an adequate remedy at law when a trial court vacates his foreign judgment. *See Trinity Capital,* 847 S.W.2d at 326 (*citing Merritt v. Harless,* 685 S.W.2d 708 (Tex. App.—Dallas 1984, no writ)).

■■■ We conclude the trial court's vacating of the Michigan judgment was a clear abuse of discretion that left Corporate Leasing with no adequate remedy at law. Therefore, mandamus is an appropriate remedy. *Trinity Capital,* 847 S.W.2d at 325–26. We are confident that the trial court will promptly set aside its orders vacating the judgment and granting Dr. Sharber's motion for new trial. The writ will issue only upon its failure to do so.

The writ is conditionally granted.

1. Dr. Sharber contends that Tex. Health & Safety Code Ann. §§ 401.001–401.431 (Vernon 1992 & Supp.1995) are penal in nature and, therefore, since penal statutes are not to be given full faith and credit, Corporate Leasing's Michigan judgment cannot be enforced in Texas. *See Huntington v. Attrill,* 146 U.S. 657, 665–67, 13 S.Ct. 224, 227, 36 L.Ed. 1123 (1892); *Williams v. State of Washington,* 581 S.W.2d 494, 495 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.). Dr. Sharber's reliance upon *Huntington* and *Williams* is misplaced. *Huntington* and *Williams* stand for the proposition that penal judgments entered in a foreign jurisdiction will not be enforced in another state under the full faith and credit clause of the United States Constitution. *Huntington,* 146 U.S. at 665–67, 13 S.Ct. at 227. Neither *Huntington* nor *Williams* speaks to the specific issue in this case of whether a foreign judgment on an allegedly illegal contract may be enforced in another jurisdiction.

2. Dr. Sharber further argues that the Michigan judgment cannot be enforced because Texas courts will not enforce illegal contracts. *See Peniche v. Aeromexico,* 580 S.W.2d 152, 155 (Tex. Civ.App.—Houston [1st Dist] 1979, no writ) (a case not involving the enforcement of a foreign judgment). But Corporate Leasing did not ask the 249th District Court to enforce an illegal contract; it asked the court to enforce a foreign judgment, and that the court was obligated to do. *See Moncrief v. Harvey,* 805 S.W.2d 20, 23 (Tex. App.—Dallas 1991, no writ).