**In re JACKSON PERSON & ASSOCIATES, INC.**

No. 04–02–00505–CV.

Court of Appeals of Texas, San Antonio.

Dec. 11, 2002.

Jeffrey D. Small, Law Office of Jeffrey D. Small, Scott M. Noel, San Antonio, for appellant.

William W. Sommers, The Gardner Law Firm, San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

Opinion by ALMA L. LÓPEZ, Justice.

Relator, Jackson Person and Associates, Inc. ("Jackson Person") filed a petition for writ of mandamus challenging the trial court's order granting real parties in interest, E.L. Fly and E.L. Fly and Associates, Inc. (collectively "Fly"), a motion for new trial on Jackson Person's suit to enforce a Tennessee judgment. Because the trial court could only grant two types of relief in this matter, enforce the judgment or declare the judgment void for want of jurisdiction, we conditionally grant Jackson Person's petition and order that the trial court vacate its order of June 7, 2002.

## BACKGROUND

The parties do not dispute that Jackson Person contracted with Fly to provide landscape architectural services for a project at Fort Sam Houston in San Antonio, Texas. Jackson Person is a Tennessee company. Fly is an architectural firm based in San Antonio, Texas. According to Jackson Person's original petition, Fly breached its contract for these services and Jackson subsequently sued Fly in Tennessee. Jackson Person obtained a default judgment in its favor in Tennessee for $69,899.81. On February 25, 2002, Jackson filed its original petition in the County Court at Law No. 10 in Bexar County, Texas seeking to enforce the Tennessee judgment against Fly. The record reflects the authenticated copy of the Tennessee judgment was not filed with Jackson's original petition. Rather, the Tennessee judgment was filed separately on March 11, 2002. On March 15, 2002, Fly filed an answer and motion to vacate the judgment on the basis, in part, that the Tennessee court lacked personal jurisdiction over him and that the contract was for a project located in Texas. Fly also alleged counterclaims under the Texas Deceptive Trade Practices Act, fraud, breach of warranty and negligence against Jackson Person.

On May 31, 2002, without a hearing, respondent entered an order on Fly's motion to vacate which stated the following:

After considering E.L. Fly, Individually, d/b/a E.L. Fly and Associates Inc., Motion to Vacate, the court finds that the motion to vacate is to be treated as a motion for new trial which was overruled by operation of law on May 11, 2002.

On June 3, 2002, Fly filed a motion for reconsideration and motion to vacate/motion for new trial. The basis of the motion was that the initial motion for new trial had been accidentally reset for a date beyond the 75th day time frame. *See* Tex.R. Civ. P. 329b(c). Fly went on to argue that the Tennessee court lacked personal jurisdiction. However, the substance of its motion mainly argued that respondent should reconsider her ruling and grant a new trial. Specifically, Fly argued that its failure to answer the Tennessee suit was not intentional or the result of conscious indifference. Rather, Fly asserted it could not find counsel in Tennessee. Fly also argued that it had a meritorious defense in that Jackson Person failed to perform its duties under the contract. Fly also asserted that a new trial would not result in delay or prejudice to Jackson Person. In support of the motion, E.L. Fly filed an affidavit in which he attested to the fact that he could not locate counsel in Tennessee and his belief that if a judgment was rendered in Tennessee he could attack that judgment in Texas for lack of personal jurisdiction. On June 7, 2002, respondent granted Fly's motion to vacate/motion for new trial and stated, in part, the following:

> The Court after having reviewed the affidavit of Everett Fly believes that the [m]otion is well taken and that reconsideration of the [o]rder denying the [m]otion by operation of law is granted.

> Further, [t]he Court after having reviewed the affidavit of Everett Fly believes that the [m]otion for [n]ew [t]rial is well taken and that an order granting a new trial is granted. It is therefore, ordered that the default judgment rendered and entered on July 20, 2001 in the Thirtieth Judicial District Court of Memphis, Tennessee, in cause number CT–002931 and styled *Jackson Person & Associates, Inc., v. E.L. Fly, Individually, d/b/a/ E.L. Fly & Associates, Inc.*

is set aside, and held for naught with a new trial being granted to be set on the regular docket of this court.

## ANALYSIS

By its brief to this court, Jackson Person asserts two issues: (1) that respondent abused her discretion by granting a new trial and (2) that respondent abused her discretion by granting a new trial filed after her plenary power had expired. Because we hold that respondent abused her discretion for purposes of mandamus by granting the wrong type of relief, we need not reach Jackson Person's second issue.

■ We first decide whether relator can seek mandamus relief. As a general rule, a judge's order granting a new trial cannot be appealed. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985); *Cummins v. Paisan Constr.*, 682 S.W.2d 235, 236 (Tex.1984) (per curiam). However, when a collateral attack is made on a duly authenticated foreign judgment filed in Texas, the trial court has only two alternatives: it can enforce the judgment or, if proper evidence is before it, declare the judgment void for want of jurisdiction. *See Corporate Leasing Int'l, Inc. v. Bridewell*, 896 S.W.2d 419, 422 (Tex.App.-Waco 1995) (orig. proceeding); *Trinity Capital Corp. v. Briones*, 847 S.W.2d 324, 327 (Tex.App.-El Paso 1993) (orig. proceeding). A trial court does not have the discretion to grant a new trial and place the parties back where they were before the trial in the foreign jurisdiction. *See Bridewell*, 896 S.W.2d at 422; *Briones*, 847 S.W.2d at 327. Accordingly, where a trial court has granted a new trial, those courts have granted mandamus relief. *See id.* The rationale to support mandamus in this limited context is that the relator would be left without the remedy of appeal because a party

cannot ordinarily appeal the granting of a new trial. *See Briones*, 847 S.W.2d at 327.

■ Our determination hinges on the language in respondent's final order of June 7, 2002. The order reflects that respondent granted Fly's motion for reconsideration and motion to vacate/motion for new trial and reconsidered her prior order. She specifically states that "the [m]otion for [n]ew [t]rial is well taken and that an order granting a new trial is granted." Respondent further orders that the default judgment rendered in Tennessee "is set aside, and held for naught with a new trial being granted to be set on the regular docket of this court." The order does not state that the judgment is being vacated on jurisdictional grounds. The clear wording of the order reflects that Fly was granted a new trial. This type of relief, however, is not available to Fly. Therefore, we hold that respondent abused her discretion in entering this particular order.

Both in its briefs to this court and in oral argument, Fly asserts that this court could reform the order so as to reflect the proper relief. Fly makes this argument on the basis of Elvin Fly's affidavit which raised facts attacking the Tennessee court's lack of jurisdiction. In particular, the affidavit details how Fly never traveled to Tennessee, that the project was in Texas, and that business was conducted over the telephone. Our consideration of these facts would involve a determination of whether the Tennessee court had personal jurisdiction over Fly. Whether the Tennessee court had personal jurisdiction over Fly is not an issue in this case. We are only faced with the issue of whether respondent's order exceeded permissible bounds. Moreover, Fly fails to cite to any specific authority to support reformation of the order under these circumstances. Fi-

nally, we cannot find any authority which would permit this court to reform an order so that the "right type" of relief can be granted. Therefore, we will not do so.

Our review of the record reflects that not only did Fly move on the basis of lack of personal jurisdiction, a good portion of Fly's argument for a new trial was based upon *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). *Craddock* is the seminal case for purposes of setting aside a post-answer default judgment and obtaining the relief of a new trial. In its motion, Fly argued how the elements of *Craddock* were fulfilled in the instant matter by detailing that his failure to file an answer was not intentional or the result of conscious indifference, that he had meritorious defenses, and that the granting of a new trial would not result in delay or prejudice to Jackson Person. *See Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 650 (Tex.App.-San Antonio 2002, pet. denied) (stating elements which must be met to set aside a post-answer default judgment); *Zuniga v. Zuniga*, 13 S.W.3d 798, 803 (Tex.App.-San Antonio 1999, no pet.). Taking Fly's argument in support of the motion and the language of the trial court's order of June 7, 2002, we hold that the trial court granted Fly a new trial. This relief, as noted above, was not available to Fly.

### CONCLUSION

Relator's petition for writ of mandamus is conditionally granted. We remand this case to the county court at law and order that the trial court vacate its order of June 7, 2002.[2] Writ will only issue should respondent refuse to vacate the order.

---

**2.** We note that under Rule 325b(e) of the    Texas Rules of Civil Procedure, respondent's

plenary power has expired. Therefore, Fly may not have the avenue of filing a new motion in the county court at law in Bexar County, Texas. Fly's only alternative may be to attack the default judgment in Tennessee.