Dismissed and Memorandum Opinion filed May 13, 2004









Dismissed and Memorandum Opinion filed May 13, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00121-CV

____________

 

ALICE J.
JOHNSON, Appellant

 

V.

 

AMERIQUEST
MORTGAGE COMPANY, Appellee

 



 

On Appeal from the
61st District Court

Harris County,
Texas

Trial Court Cause No.
00-00760

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an Order Setting Aside Order
to Disburse Excess Proceeds signed December 19, 2003.  On January 8, 2004, appellant filed a notice
of appeal stating she intended Ato file a Petition for Writ of Mandamus to appeal@ the trial court=s order.  The clerk=s record was filed on February 20,
2004.  The record reflects there is no
final, appealable order from which appellant may appeal.  Accordingly, we dismiss the appeal for want
of jurisdiction.








Appellant filed a claim for excess proceeds from the sale of
real property sold pursuant to the foreclosure of a tax lien.  See Tex.
Tax Code Ann. ' 34.04 (Vernon Supp. 2004). 
On April 24, 2003, appellee, Ameriquest Mortgage Company, a former
lienholder against the foreclosed property, intervened to claim excess
proceeds.  Appellant asserts she did not
receive notice of the intervention until May 27, 2003, and therefore, she did
not give notice to Ameriquest of the hearing on appellant=s motion held before the Tax Master
on May 15, 2003.  Ameriquest was not
present at the hearing.  On the
recommendation of the Tax Master, the trial court signed an Order to Disburse
Excess Proceeds from the Registry of the Court to appellant and Harris County
and San Jacinto Community College District, all of which also had claimed a
portion of the proceeds.  

On September 16, 2003, Ameriquest filed a motion to set aside
the order to disburse excess proceeds, asserting the May 21, 2003 order was
interlocutory because it had intervened to claim excess proceeds and its claim
had not been disposed of in the order. 
On October 20, 2003, appellant filed a plea to the jurisdiction,
asserting the May 21 order was final and the trial court no longer had plenary
jurisdiction to set aside its order. 
Appellant asserted Ameriquest failed to file a proper, verified motion
claiming late notice of the judgment, as required under Rule 306a.  See Tex.
R. Civ. P. 306a.  The Tax Master
recommended Ameriquest=s motion be denied, and Ameriquest appealed to the district
court.

After a hearing on December 19, 2003, the trial court signed
an order setting aside its May 21, 2003 order to disburse excess proceeds and
ordered appellant to return the funds to the registry of the court.  Appellant then filed this appeal.








On April 14, 2004, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  The Court=s notice also stated that no petition
for writ of mandamus had been filed, as stated in appellant=s notice of appeal.  Appellant=s only response to the court=s notice was to file a petition for
writ of mandamus.[1]  Her petition fails to address which remedy,
appeal or mandamus, is appropriate. 
Accordingly, appellant=s response fails to demonstrate that this Court has
jurisdiction to entertain the appeal.

To be final, a judgment must dispose of all claims and
parties.  See Lehmann v. Har-Con Corp.,
39 S.W.2d 191, 200 (Tex. 2001).  The
trial court=s May 21, 2003 order failed to
dispose of Ameriquest=s claim; therefore, it was not final.  See Nelson v. Lubbock Central Appraisal
Dist., No. 07-02-0349-CV, 2003 WL 1987959 (Tex. App.CAmarillo April 30, 2003, no pet.)
(mem. op.) (holding order to distribute part of excess proceeds from tax lien
foreclosure is interlocutory order not immediately appealable).  The trial court retained plenary jurisdiction
to later set aside the order.  See
Fruehauf Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993) (holding trial
court retains power to set aside interlocutory order any time before final
judgment is entered).  An order setting
aside a previous order, like an order granting a new trial, is not
appealable.  See In re Jackson Person
& Associates, Inc., 94 S.W.3d 815, 818 (Tex. App.CSan Antonio 2002, orig.
proceeding).  We hold that the trial
court=s order signed December 19, 2003, is
an interlocutory order not subject to appeal. 
See  Qwest Communications Corp.
v. AT & T Corp., 24 S.W.3d 334, 336 (Tex. 2000) (holding
appellate court has jurisdiction to hear appeals from interlocutory orders only
when specifically authorized by statute).

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

Judgment rendered and Memorandum
Opinion filed May 13 , 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman. 











[1]  By separate
opinion issued this date, we denied the petition for writ of mandamus.  See In re Johnson, No. 14-04-00369-CV
(Tex. App.CHouston [14th Dist.] 
May 13 , 2004, orig. proceeding) (mem. op.).