NO. 07-07-0048-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 14, 2007



______________________________
 


IN RE: R. WAYNE JOHNSON, RELATOR


______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION


 Relator R. Wayne Johnson has filed a petition requesting issuance of a writ of
mandamus directing the Honorable Charles Chapman, Judge of the 39th District Court of
Haskell County, to rule on a motion for discovery sanctions in a pending civil suit filed by
relator in that court. We dismiss the petition for want of jurisdiction.

 Relator cites Government Code section 22.221(b) as the source of our authority to
issue the writ requested. (1) That statute provides courts of appeals may issue writs of
mandamus, "agreeable to the principles of law regulating those writs," against judges of
district or county courts "in the court of appeals district[.]" Tex. Gov't Code Ann. § 22.221(b)
(Vernon 2004). The 39th Judicial District encompasses four counties, one of which, Kent
County, is within the seventh court of appeals district. See Tex. Gov't Code Ann. §§
24.141 (39th judicial district composed of Haskell, Kent, Stonewall and Throckmorton
counties); 22.201(h) (seventh court of appeals district includes Kent County). But Haskell
County, in which relator's underlying proceeding is pending, is not in our court of appeals
district. Cases from Haskell County are appealed to the eleventh court of appeals. Tex.
Gov't Code Ann. § 22.201(l) (Vernon Supp. 2006). 

 Application of the geographical restriction on our jurisdiction under section 22.221(b)
must take into account the county in which relator's underlying proceeding is pending. Cf.
Turtur v. Lee, 702 S.W.2d 309, 312 (Tex.App.-El Paso 1986, orig. proceeding) (applying
statute before 1987 amendment). (2) We find we have no jurisdiction to address relator's
petition seeking mandamus relief in a pending case over which a sister court of appeals
will have appellate jurisdiction. Accordingly, relator's petition is dismissed.


 James T. Campbell

 Justice



1. We agree our writ authority under Government Code section 22.221(a), which
authorizes our issuance of writs necessary to enforce our jurisdiction, is not implicated by
relator's petition. 
2. The court in Turtur considered the geographical limits to the appellate jurisdiction
of the courts of appeals among the "principles of law regulating" issuance of writs. 702
S.W.2d at 311.


hat an attempt to invoke
that right would have resulted in adverse consequences, appellant failed to preserve his
first issue for review. See Chapman v. State, 115 S.W.3d 1, 6-8 (Tex. Crim. App. 2003)
(holding that to preserve a claim founded upon the right against self-incrimination, one
must either 1) invoke the right or 2) be faced with circumstances suggesting that invocation
of the right would result in some form of punishment). So, we overrule it.


 Issue Two - Conditions of Parole 

 Next, appellant complains of the trial court's effort to require the payment of
attorney's fees and court costs as conditions of his parole. (1) We sustain the complaint.

 A trial court has no authority to order conditions to appellant's parole. Campbell v.
State, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999) (stating that a trial court has no authority
to require restitution as a condition of parole); Bray v. State, 179 S.W.3d 725, 728 (Tex.
App.- Fort Worth 2005, no pet.) (stating that the trial court may not order payment of
attorney's fees as a condition of parole). And, the State concedes as much. So, in
ordering appellant to "pay court costs, attorney [sic] fees, fines, and restitution as a
condition of parole," the trial court erred, and we delete those conditions from the
judgment. See Garcia v. State, 773 S.W.2d 694, 697 (Tex. App.-Corpus Christi 1989, no
pet.) (deleting the unauthorized condition from the judgment).

 The judgment is reformed to delete from it that paragraph ordering the payment of
court costs, attorney's fees, fines and restitution as conditions of parole. As reformed, the
judgment is affirmed. 

 Brian Quinn 

 Chief Justice


Do not publish.

 
1. The trial court also ordered appellant to pay fines and restitution as a condition of his parole. Yet,
appellant does not complain about these. Nonetheless, our adjudication of the dispute will encompass these
conditions as well.