NO. 07-07-0498-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 3, 2008

______________________________


CARL WAYNE HORNE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,538-E; HONORABLE RICHARD DAMBOLD, JUDGE




_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Following a plea of not guilty, Appellant, Carl Wayne Horne, was convicted by a jury
of two counts of engaging in organized criminal activity and sentenced to twenty years
confinement. Appellant filed a pro se notice of appeal challenging his conviction. The
appellate record has not been filed. By letter dated December 20, 2007, this Court advised
Appellant that he had ten days in which to file a docketing statement. He responded by
letter filed December 27, 2007, inquiring whether he is the Appellant and, if so, how to
proceed in filing a docketing statement. He also indicated that he had requested court-appointed counsel in the trial court but had yet to be notified by anyone. In the interest of
judicial economy, we abate this appeal and remand the cause to the trial court for further
proceedings.
          Upon remand, the trial court shall utilize whatever means necessary to determine
whether Appellant is indigent and entitled to appointed counsel to represent him in this
appeal. Should the trial court determine that Appellant is indigent and desires to prosecute
this appeal, then it shall appoint counsel. If counsel is appointed, the name, address,
telephone number, and state bar number of said counsel shall be included in the order
appointing counsel. Finally, the trial court shall execute findings of fact, conclusions of law,
and any orders it may enter regarding the aforementioned issues and cause them to be
included in a supplemental clerk’s record. The supplemental clerk’s record shall be filed
with the Clerk of this Court on or before January 25, 2008.
          It is so ordered.
                                                                           Per Curiam
Do not publish.



 Appeals District. Tex. Gov’t Code Ann. § 22.201(h) (Vernon 2004 &
Supp. 2007). We see no basis for jurisdiction over relator’s petition for writ of mandamus
and nothing in the documents relator has filed demonstrates we otherwise have authority
to grant any relief he seeks. 
          Accordingly, relator’s petition for mandamus is dismissed for want of jurisdiction. 
See Turtur v. Lee, 702 S.W.2d 309, 312 (Tex.App.–El Paso 1986, orig. proceeding)
(dismissing writ application on finding of no jurisdiction).
 
                                                                           James T. Campbell

                                                                                    Justice