NO. 07-08-0069-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 13, 2008
_____

IN RE DAVID EARL FLOWERS
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pending before the Court is a petition for writ of mandamus filed by relator David Earl Flowers, acting *pro se*. The issues presented by the petition arise from relator's indictment and prosecution for burglary of a habitation in the Criminal District Court of Jefferson County. We will dismiss the petition.

Cause number 95122 was assigned by the Criminal District Court of Jefferson County to relator's underlying prosecution for burglary of a habitation. Relator previously attempted to raise in this Court issues in connection with the same prosecution. We dismissed that attempted appeal for want of jurisdiction, noting the geographical limits of our appellate jurisdiction and finding no basis for jurisdiction over appeal of relator's

Jefferson County conviction. *Flowers v. State*, No. 07-07-0483-CR, 2007 WL 4355091, (Tex.App.–Amarillo December 13, 2007, no pet. h.).[1]

Relator's present petition also attempts to raise issues arising from his prosecution in cause number 95122 in the Criminal District Court of Jefferson County. Like our appellate jurisdiction, this Court's writ power generally is limited to our geographical district.[2] Tex. Gov't Code Ann. § 22.221 (Vernon 2004). Jefferson County is not a part of this Court's Court of Appeals District. Tex. Gov't Code Ann. § 22.201(h) (Vernon 2004 & Supp. 2007). We see no basis for jurisdiction over relator's petition for writ of mandamus and nothing in the documents relator has filed demonstrates we otherwise have authority to grant any relief he seeks.

Accordingly, relator's petition for mandamus is dismissed for want of jurisdiction. *See Turtur v. Lee*, 702 S.W.2d 309, 312 (Tex.App.–El Paso 1986, orig. proceeding) (dismissing writ application on finding of no jurisdiction).

James T. Campbell
Justice

---

[1] This Court has exercised jurisdiction over appeals from Jefferson County, but those appeals were transferred to this Court by the Texas Supreme Court pursuant to statutory authority. *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2005) (providing for such transfers).

[2] The Court's power under Government Code § 22.221(a) to issue writs necessary to enforce its jurisdiction is not implicated here, and we do not address it. Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004).

2