**Martha ORNELAS and Samuel Ornelas, Relators,**

v.

**The Honorable David BRIONES, Judge, County Court at Law No. One of El Paso County, Texas, Respondent.**

**No. 08–94–00131–CV.**

Court of Appeals of Texas, El Paso.

June 23, 1994.

Charles R. Jones, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for real party in interest Vista Hills Medical Center.

Daniel D. King, Dunn, Kacal, Adams, Pappas & Law, Houston, for real party in interest Dr. Lagunas.

Michael R. (Mickey) Milligan, El Paso, for relators Martha and Samuel Ornelas.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## OPINION ON DENIAL OF MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

BARAJAS, Chief Justice.

Relators have filed their motion for leave to file a petition for writ of mandamus seeking to have this Court order the judge of County Court at Law No. One of El Paso County, Texas to vacate an order staying proceedings in a medical malpractice case. We deny leave to file.

■ The record in the instant case shows that Relators filed a medical malpractice suit against both Dr. Yolanda Lagunas and Vista Hills Medical Center for injuries that occurred to their son during childbirth. In March of 1994, Dr. Lagunas filed a motion to stay the malpractice suit because her insurance carrier, Physicians National Risk Retention Group, Inc., is in receivership in the State of Louisiana, and thus is unable to defend her at this time. Dr. Lagunas based her request on a stay order issued by a Louisiana court which states that all suits against Physicians National Risk Retention Group, Inc. are stayed until further order of that court, including litigation involving the adjudication of liability of any policyholder. Dr. Lagunas argues that as a policyholder, she is a protected party under that Louisiana stay order.

■ Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *Rivercenter Assocs. v. The Hon. Rivera,* 858 S.W.2d 366, 367 (Tex.1993, orig. proceeding); *see Walker v. The Hon. Packer,* 827 S.W.2d 833, 840 (Tex. 1992, orig. proceeding). Mandamus will not issue where there is a clear and adequate remedy at law. *Walker,* 827 S.W.2d at 840.

■ Rule 41 of the Texas Rules of Civil Procedure provides that any claim against a party may be severed and proceeded with separately. Tex.R.Civ.P. 41. Where parties fail or otherwise refuse to pursue remedies provided by law that will provide full relief to which they may be entitled, they will not be aided by issuance of a writ of mandamus. *Watson v. Robertson County Appraisal Review Board,* 795 S.W.2d 307, 310 (Tex.App.— Waco 1990, no writ); *Gonzales v. Stevens,* 427 S.W.2d 694, 702 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.). Relators have failed to show in their motion for leave to file their petition for writ of mandamus that they have no other clear and adequate remedy at law.

The motion for leave to file the petition for writ of mandamus is denied.

KOEHLER, J., dissents.

KOEHLER, Justice, dissenting.

Relators, Martha Ornelas and Samuel Ornelas, individually and on behalf of their

minor son, Christopher, seek leave to file a petition for writ of mandamus. The Ornelas family filed a medical malpractice suit against Dr. Yolanda Lagunas and Vista Hills Medical Center for injuries that occurred to their son during childbirth. In March of this year, Dr. Lagunas filed a motion to stay the malpractice suit because her insurance carrier, Physicians National Risk Retention Group, Inc., is in receivership in Louisiana and cannot defend Dr. Lagunas at this time. Dr. Lagunas based her request on a stay order from the Louisiana courts, stating all suits against Physicians National are stayed until further order of the court, *including litigation involving the adjudication of liability of any policyholder.* Dr. Lagunas argued that she is a protected party under the Louisiana stay order. On May 25, 1994, Judge Briones granted Dr. Lagunas' motion to stay until further notice and Relators now file this petition for writ of mandamus requiring Judge Briones to lift his stay order. A majority of the Court has determined to deny leave to file the petition. I write to express the reasons for which I would grant leave to file.

All of the parties to the Texas suit are Texas residents and none of them have been made parties to the Louisiana receivership. Physicians National Risk Retention Group, Inc. is not a party to the Texas suit. Its only connection with the Texas suit is that, as Dr. Lagunas' malpractice insurer, it is obligated under the policy to defend Dr. Lagunas. Apparently, the primary reason for granting the stay by Judge Briones was that advanced by Dr. Lagunas in her motion to stay: that the Louisiana court order staying the prosecution of any claims against insureds of Physicians National is entitled to be "given full faith, credit and recognition by the Texas courts in accordance with the United States Constitution, Article IV, Section 1."

First, I believe that the Louisiana stay order is not entitled to full faith and credit in the Texas courts. Since the Louisiana stay order appears not to dispose of all parties and all issues, in all probability it is an interlocutory order. Although the full faith and credit clause requires that a valid judgment from one state be enforced in other states regardless of the laws or public policy of the other states, full faith and credit is not required when a decree is interlocutory or subject to modification under the law of the rendering state. *Bard v. Charles R. Myers Ins. Agency, Inc.,* 839 S.W.2d 791, 794 (Tex. 1992). The question then arises whether a Texas trial judge may within his discretion, give full faith and credit to an interlocutory order of a sister state. I believe that the trial court has no such discretion. *See Walker v. Garland,* 235 S.W. 1078, 1080 (Tex. Comm'n App.1922, judgm't adopted) (before a judgment rendered in one state is entitled to acceptance in the courts of another state, it must be a final judgment and not merely an interlocutory decree); *Stine v. Koga,* 790 S.W.2d 412, 414 (Tex.App.—Beaumont 1990, writ ref'd n.r.e.), ["A judgment will not be recognized or enforced in other states insofar as it is not a final determination under the local law of the state of rendition." RESTATEMENT (SECOND) OF CONFLICT OF LAWS, sec. 107 (1971)].

Accordingly, I would grant leave to file in order to more fully explore the issue of whether the Louisiana stay order is in fact interlocutory and if so, whether the trial court nevertheless had discretion to give the order full faith and credit.

Second, I question whether the Louisiana court has jurisdiction to impose a stay order against Texas residents litigating a matter that occurred wholly in Texas and is governed by Texas law. *Bard,* upon which Dr. Lagunas relied in her motion to stay, is distinguishable from the present cause in that it involved the prosecution of a claim directly against the insurer. *Bard,* 839 S.W.2d at 793. The Ornelases point out that Physicians National is not a party to this suit and they waive any future claim against that insurance company.

Finally, I question whether the Ornelas family may be deprived of an adequate remedy at law if Judge Briones' order staying the medical malpractice suit in Texas remains in effect. The record before us states that Physicians National has been placed in liquidation and the liquidator has imposed a cutoff date for the defense of claims in which Physicians National is the insurer. This be-

ing the case, Physicians National may never be in the position to defend Dr. Lagunas in this medical malpractice suit. In that event, would we then say that the Ornelas family could never proceed in this suit because the physician had the misfortune to retain Physicians National as her insurance carrier? Surely not. Why not allow the Ornelas family to proceed in their malpractice claim against Dr. Lagunas and Vista Hills Hospital, and, if successful, leave Dr. Lagunas to deal with her insurer?

I would grant leave to file with the request that Relators more thoroughly brief the issues raised in this opinion and that the real party in interest then submit a reply brief.