Petition for Writ of Mandamus Denied and Memorandum
Opinion filed September 10, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00729-CV

____________

 

IN RE A & P TRANSPORTATION CO., INC., CLAYTON
ALLEN POTTER, TOBY ALLEN POTTER, T. A. POTTER MANAGEMENT LLC, AND SUPERIOR
NATIONWIDE LOGISTICS, LTD., Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On August 24, 2009, relators, A & P Transportation Co.,
Inc., Clayton Allen Potter, Toby Allen Potter, T.A. Potter Management, LLC, and
Superior Nationwide Logistics, Ltd. filed a petition for writ of mandamus in
this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relators ask this court to compel the Honorable Jaclanel McFarland, judge of
the 133rd District Court in Harris County to vacate her order of May 18, 2009,
denying their motion to strike counterclaims filed by North American Transport
Concepts, Inc. (NATCO), the real party in interest.  Relators further seek a
stay of the proceedings in the court below.








 

Factual and Procedural Background

On November 15, 1994, relator, Clayton Allen Potter, entered
into an agreement with NATCO in which Potter agreed to operate a business known
as NATCO-Houston in exchange for administrative services of NATCO, including
billing services.  In January, 2000, Potter organized A & P Transportation
Co., which continued doing business as contemplated by the earlier agreement
with NATCO.  A dispute later arose when relators chose to operate their own
accounting system.  Relators allege that after instituting their accounting
system, they discovered discrepancies with NATCO=s system that led them to believe
NATCO=s system caused them to be underpaid
according to their agreement.

On November 15, 2008, relators filed suit against NATCO
alleging, among other claims, that NATCO underpaid them and prevented them
access to vendors and customers.  On December 15, 2008, NATCO filed an answer
to relators= suit.  On February 19, 2009, NATCO filed several counterclaims against
relators and four third-party defendants.  On March 30, 2009, relators moved to
strike NATCO=s counterclaims alleging they were compulsory counterclaims required to
be filed within the time for the filing of NATCO=s answer.  On May 18, 2009, the
respondent denied relators= motion to strike.

Analysis

Mandamus is an extraordinary remedy to correct a trial court=s abuse of discretion that cannot be
remedied through standard appellate channels.  Walker v. Packer, 827
S.W.2d 833, 840B44 (Tex. 1992) (orig. proceeding).  A trial court clearly
abuses its discretion if it reaches a decision so arbitrary and unreasonable as
to amount to a clear and prejudicial error of law.  Id.  








Relators argue that NATCO=s counterclaims are compulsory under
Rule 97(a) of the Texas Rules of Civil Procedure.  They further argue that Rule
97(a) requires compulsory counterclaims to be filed within the time permitted
for the defendant to answer.  Therefore, relators allege that because the
counterclaims were not filed within the time permitted for NATCO to answer, the
trial court abused its discretion in failing to strike NATCO=s pleading.  Rule 97(a) provides in
pertinent part:

(a) Compulsory Counterclaims.  A pleading shall state as a counterclaim any claim
within the jurisdiction of the court, not the subject of a pending action,
which at the time of filing the pleading the pleader has against any opposing
party, if it arises out of the transaction or occurrence that is the subject
matter of the opposing party=s claim and
does not requires for its adjudication the presence of third parties of whom
the court cannot acquire jurisdiction[.]

 

Tex. R. Civ. P. 97(a).

The plain language of Rule 97(a) does not require a
compulsory counterclaim to be filed within the time for filing the defendant=s answer.  The compulsory
counterclaim rule is designed to avoid piecemeal or duplicative litigation. 
Its purpose is to provide that a potential counterclaimant with a justiciable
interest arising out of the same transaction or occurrence at issue in the
opposing party=s claim bring the counterclaim in the same proceeding or it will be
deemed waived.  Bard v. Charles R. Myers Ins. Agency, Inc., 839 S.W.2d
791, 796 (Tex. 1992).  AThe >compelling interest= underlying the compulsory
counterclaim rule is solely in judicial economy; its purpose is to prevent
multiple suits arising out of the same transactions or occurrences.@  Id.  NATCO does not
challenge relators= assertion that the counterclaims are compulsory under Rule
97(a) in that the claims arose out of the same transaction or occurrence at
issue in relators= claim.  Therefore, NATCO concedes it is required to bring
the counterclaims in this litigation, but argues that Rule 97(a) does not
require the counterclaims to be filed within the time designated for the filing
of NATCO=s answer.








Rule 97(a) mandates that if a party chooses not to assert a
compulsory counterclaim during the initial litigation between the parties in
which such a claim is compulsory, when the initial lawsuit becomes final, the
party loses the right to file a later suit on the claims that were compulsory
in the first suit.  See Williams v. Nat=l Mortg. Co., 903 S.W.2d 398, 403 (Tex. App.CDallas 1995, writ denied) (AA party=s failure to assert compulsory
counterclaims precludes that party from asserting them in later lawsuits.@)  The only deadline imposed by Rule
97(a) for filing a compulsory counterclaim is prior to final judgment in the
initial action between the parties involving the same transaction or
occurrence.  Therefore, the trial court did not abuse its discretion in denying
relators= motion to strike.

Conclusion

Relators have failed to establish an abuse of discretion by
the trial court because Rule 97(a) does not require a compulsory counterclaim
to be filed within the deadline for filing the defendant=s answer. For this reason, relators
are not entitled to mandamus relief.   Accordingly, we deny relators= petition for writ of mandamus and
their motion for stay of proceedings below.

PER CURIAM

 

Panel consists of Justices Yates, Frost, and Brown.