# NO. 12-11-00374-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE ESTATE OF* | § | *APPEAL FROM THE* |
| *MALCOLM RODRIGUES,* | § | *COUNTY COURT AT LAW* |
| *DECEASED* | § | *NACOGDOCHES COUNTY, TEXAS* |

# NO. 12-11-00375-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEBRA IRELAND, INDEPENDENT EXECUTRIX OF THE ESTATE OF MAXINE PREWITT, DECEASED* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *TIMOTHY RODRIGUES, INDEPENDENT EXECUTOR OF THE ESTATE OF MALCOLM RODRIGUES, DECEASED* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Debra Ireland, independent executrix of the estate of Maxine Prewitt, deceased, appeals from a summary judgment in favor of Timothy Rodrigues, independent executor of the estate of Malcolm Rodrigues, deceased, in Ireland's suit to enforce a Louisiana judgment. In four issues, Ireland contends the trial court misconstrued the Louisiana judgment, erroneously determining that the judgment had been satisfied. We reverse and render.

## BACKGROUND

Maxine Prewitt and her brother, Max Hart, Jr., co-owned timber land in Louisiana. Hart contracted with Malcolm Rodrigues to remove timber from the property without the consent of Prewitt, or of her guardian, Ireland. Upon discovering that the timber had been removed, Ireland

sued Hart and Rodrigues in Sabine Parish, Louisiana, pursuant to a Louisiana statute declaring it unlawful to cut another person's trees without the person's consent. After a jury trial, Ireland recovered a judgment against Hart and Rodrigues for the fair market value of Prewitt's timber interest, plus punitive damages and attorney's fees. Ireland filed the Louisiana judgment in Harris County, pursuant to the Uniform Enforcement of Foreign Judgments Act, rendering it subject to enforcement in Texas.

Hart satisfied the portion of the judgment rendered against him. Ireland filed suit to establish a claim against Timothy Rodrigues and a creditor's claim against the estate of Malcolm Rodrigues in Nacogdoches County to recover the portion of the Louisiana judgment she contends is owed by Rodrigues. Rodrigues moved for partial summary judgment arguing that Hart's payment satisfied the judgment in full and any further payment by him would constitute an unlawful windfall for Ireland. Ireland also filed a motion for summary judgment acknowledging that the $26,000.00 actual damage portion of the judgment against Rodrigues has been satisfied but claiming entitlement to an additional $128,393.13 in penalties and attorney's fees as a matter of law. The trial court agreed with Rodrigues and rendered a take-nothing judgment against Ireland. The trial court severed Rodrigues's request for attorney's fees, making the summary judgment final.

### SUMMARY JUDGMENT

Ireland contends the trial court erred in granting Rodrigues's motion for summary judgment and denying her motion for summary judgment. She argues that the full faith and credit clause requires Texas courts to give the same effect to the Louisiana judgment as Louisiana courts would. She further contends that, pursuant to Louisiana law, the awards for punitive damages and attorney's fees were not assessed jointly and severally and, therefore, were not satisfied by Hart's payment.

**Standard of Review**

We review the trial court's decision to grant summary judgment de novo. ***Tex. Mun. Power Agency v. Pub. Util. Comm'n***, 253 S.W.3d 184, 192 (Tex. 2007). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact concerning one or more essential elements of the plaintiff's claims and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); ***Nixon v. Mr. Prop. Mgmt. Co.***, 690 S.W.2d 546, 548 (Tex. 1985). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court

any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

Review of a summary judgment requires that the evidence presented by both the motion and the response be viewed in the light most favorable to the party against whom the judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding all contrary evidence and inferences unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When, as here, both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, the reviewing court considers the evidence presented by both sides, determines all questions presented, and if the reviewing court determines that the trial court erred, renders the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## Full Faith and Credit

In her second issue, Ireland asserts that the Louisiana judgment must be construed under principles of Louisiana law. Rodrigues acknowledges that Louisiana law applies.

The United States Constitution requires each state to give full faith and credit to the public acts, records, and judicial proceedings of every other state. U.S. CONST. art. IV, § 1. A copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state. TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a) (West 2008). A properly proven foreign judgment must be recognized and given effect coextensive with that to which it is entitled in the rendering state. *Bard v. Charles R. Myers Ins. Agency, Inc.*, 839 S.W.2d 791, 794 (Tex. 1992). The validity of the judgment is determined by the laws of the state where it was rendered. *Id*. at 795.

Ireland filed an abstract of the Louisiana judgment in Harris County. No complaint has been made regarding the authentication of the judgment. Louisiana law applies to resolve this case, and we sustain Ireland's second issue.

## Solidary Liability

Both parties agree that Louisiana law applies. They disagree on whether the trial court correctly applied the Louisiana law at issue. Ireland sued Hart and Rodrigues, "in solido," pursuant to a Louisiana statute making it unlawful to cut, destroy, or remove trees on the land of another without the consent of the owner. *See* LA. REV. STAT. ANN. § 3:4278.1 (2012). Further, one who willfully violates the statute is liable to the owner for damages in the amount of three times the fair market value of the trees that were cut, plus reasonable attorney's fees. *Id*. In Louisiana's civil law system, the concept of "in solido" liability is synonymous with the

3

common law phrase "joint and several" liability. ***Touchard v. Williams***, 617 So.2d 885, 889 (La. 1993). The primary effect of solidary liability is that any defendant may be compelled to pay the entire judgment. ***Id***. at 890. Payment by one solidary obligor relieves all other solidary obligors. ***Id***. n.7. An obligation in solido is not presumed, but arises from a clear expression of the parties' intent or from the law. LA. CIV. CODE ANN. art. 1796 (2012). It is the coextensiveness of the obligations for the same debt that creates the solidarity of the obligation. ***Cutsinger v. Redfern***, 12 So.3d 945, 951 (La. 2009)

The thrust of Rodrigues's argument is that his obligation is in solido because Ireland included the phrase in the style of the documents she drafted, including the trial court's judgment. While Ireland sued Hart and Rodrigues in solido, and the term is in the style of the case, the judgment never specifically states that the court ordered Hart and Rodrigues solidarily liable. Including the term in the style of the case is not alone sufficient to constitute a holding by the trial court that the defendants are solidary obligors. *See **Brandner v. Staf-Rath, L.L.C.***, 64 So.3d 812, 825-26 (La. Ct. App. 5 Cir. 2011), *writ denied*, 68 So.3d 523 (La. 2011).

We next consider the body of the judgment. The first decretal paragraph of the trial court's judgment orders Hart to pay Ireland

> $302,553.39 [representing the fair market value of the timber interest of Maxine Hart Prewitt, multiplied by three (3), plus $11,000.00 attorney's fees, less a credit of $15,294.13 . . . and further, less a credit of $1,340.81 . . .] together with legal interest.

The second decretal paragraph orders Rodrigues to pay Ireland "$89,000.00 (representing the fair market value of the timber cut by MALCOLM RODRIGUES, multiplied by three (3), plus $11,000.00 attorney's fees) together with legal interest thereon." The third decretal paragraph orders that Rodrigues is awarded judgment against Hart for $11,000.00, together with legal interest thereon. The final decretal paragraph orders Hart to pay "the costs in this matter." Accordingly, the judgment does not specifically hold Hart and Rodrigues liable in solido. Instead, the judgment specifies amounts each defendant is responsible for paying.

*Actual Damages*

Hart paid $490,196.80 toward satisfaction of the judgment. Ireland concedes that the judgment against Hart includes the value of the timber cut by Rodrigues, and she agrees to credit Rodrigues for $26,000.00.[1] She contends that the remaining awards of $52,000.00 for punitive damages and $11,000.00 for attorney's fees were not satisfied by Hart's payment.

---

[1] In Hart's appeal, the Louisiana appellate court set out the jury findings. ***Prewitt v. Rodrigues***, 893 So.2d 927, 931 (La. Ct. App. 3 Cir. 2005, no writ), *overruled in part by **Sullivan v. Wallace***, 51 So.3d 702 (La. 2010). Further, the trial court granted Rodrigues's motion for judgment notwithstanding the verdict, holding that the

4

*Punitive Damages*

Louisiana courts have determined that the timber piracy statute, as article 3:4278.1 is referred to, is punitive in nature and must be strictly construed. **Sullivan v. Wallace**, 51 So.3d 702, 707 (La. 2010). Compensatory damages recompense a plaintiff for injury caused by a defendant's act. **Ross v. Conoco, Inc.**, 828 So. 2d 546, 552 (La. 2002). Punitive damages are not caused by a defendant's act and are not designed to make an injured party whole. **Id**. at 552-53. Rather, they are meant to punish the tortfeasor and deter specific conduct to protect the public interest. **Id**. at 553. Punitive damages are assessed against an individual defendant based on his individual culpability. **Id**. at 552. Thus, punitive damages cannot be assessed against co-defendants in solido. **Id**. Accordingly, under Louisiana law, the payment by Hart could not have satisfied the portion of the judgment ordering Rodrigues to pay punitive damages. We sustain Ireland's third issue.

*Attorney's Fees*

Ireland agrees that Louisiana law allows attorney's fees to be awarded in solido but asserts that the trial court did not do so in this case. The Louisiana judgment does not expressly state that attorney's fees are assessed in solido. The Third Circuit's opinion explains that the jury found that Hart owed $11,000.00 in attorney's fees and Rodrigues owed $11,000.00 in attorney's fees. Further, the jury was asked if Rodrigues is entitled to be reimbursed from Hart for any amount Rodrigues owes Prewitt because of Rodrigues's detrimental reliance. The jury answered yes, $11,000.00. **Prewitt**, 893 So.2d at 930-31. Based on these answers, the trial court ordered Hart to pay Ireland $11,000.00 in attorney's fees, ordered Rodrigues to pay Ireland $11,000.00 in attorney's fees, and ordered Hart to pay Rodrigues $11,000.00 without specifying why. Neither party brought additional evidence relevant to the question of whether attorney's fees were assessed in solido. There is no evidence that the judgment ordered attorney's fees to be paid in solido, and it cannot be presumed. *See* LA. CIV. CODE ANN. art. 1796. We sustain Ireland's fourth issue.

## CONCLUSION

After applying Louisiana law, we have determined that, as a matter of law, the Louisiana trial court did not order Hart and Rodrigues to pay punitive damages or attorney's fees in solido. Therefore, Hart's payment to Ireland did not satisfy the judgment in full, and Rodrigues owes Ireland $52,000.00 for punitive damages and $11,000.00 for attorney's fees, together with legal

---

amount stated as the fair market value of the timber removed by Hart encompasses the amount found as the fair market value of the timber removed by Rodrigues. **Id**.

interest thereon.  Accordingly, the trial court erred in granting Rodrigues's motion for partial summary judgment and in denying Ireland's motion for summary judgment.  ***Nixon***, 690 S.W.2d at 548.  We sustain Ireland's first issue.

We ***reverse*** the trial court's judgment and ***render*** judgment in favor of Ireland.


**BRIAN HOYLE**
Justice


Opinion delivered April 30, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)