**Affirmed and Opinion Filed May 14, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00060-CV

**PATRICK DAUS, Appellant**
**V.**
**MARIA DAUS AND THE STATE OF TEXAS, Appellees**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-10283**

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Francis

Patrick Daus appeals the trial court's order confirming, as registered, the "Order for Assignment of Wages" issued by a Nevada court. In two issues, Patrick contends the withholding order violates the Texas Constitution's prohibition against garnishment of wages to pay debt and violates the Equal Protection Clauses of the Texas Constitution and the United States Constitution. We affirm.

Patrick and Maria Daus were married in February 1986 and had three children. In April 2001, the couple separated and, in June, entered into a separation and property settlement agreement governed by the laws of North Carolina. According to the agreement, Patrick would pay child support and "support, maintenance and alimony" to Maria who was moving to Nevada with the children. The parties agreed the terms of the agreement would not be modified and that

each party was subject to or would consent to the personal jurisdiction of the courts in North Carolina or Nevada or any jurisdiction where Maria and the children resided.

As contemplated in the agreement, Maria and the children moved to Nevada; several years later, Patrick moved to Texas. When Patrick failed to pay spousal and child support, Maria filed suit in district court, family division, in Clark County, Nevada. After Patrick answered, Maria filed a motion for summary judgment. Following Patrick's "countermotion," the trial court held hearings, in which Patrick participated fully, on November 4, 2009 and February 1, 2010. The trial court signed an order, dated April 12, 2010, the majority of which dealt with child support and past due amounts owed by Patrick for expenses relating to the children. Because Patrick does not challenge any portion of the Nevada court's ruling dealing with child support or past due expenses related to the children, we do not detail those findings here.

With respect to the spousal support, the trial court found the 2001 agreement provided Patrick was to pay Maria $5,000 per month until her death or remarriage and that the provision is "non-modifiable" and "not contrary to North Carolina or Nevada public policy." In addition, the trial court found Patrick had an outstanding balance of $86,500 in spousal support arrearages which was reduced to judgment. Finally, the trial court found that, because the 2001 agreement between Patrick and Maria provided for specific enforcement and Patrick had repeatedly failed to pay child and spousal support, Maria was entitled to a wage assignment order for both child and spousal support. In a separate order entitled "Order for Assignment of Wages," also dated April 12, 2010, the Nevada trial court ordered Patrick's Texas employer "to send the funds each month totaling $6,938.00," representing $1,938 in child support and $5,000 in spousal support, to Maria at her Nevada address.

Patrick did not file a motion for new trial, motion to reconsider, or an appeal of either order. Rather, he filed an original petition in Dallas to register and contest the Nevada wage

assignment order. He alleged he had a defense and claimed the order was not the controlling order, breached the parties' agreement, and was not authorized by law under the circumstances of this case. Maria answered, asking only that Texas give full faith and credit to the wage assignment order. Patrick requested a temporary restraining order or, in the alternative, an abatement. The associate judge denied Patrick's requests for relief, and the district court affirmed that decision. After the case was tried, the trial court concluded Patrick failed to establish a defense to the validity or enforcement of the Nevada court's assignment of wages order and ordered it confirmed as registered. This appeal followed.

In his first issue, Patrick contends the trial court erred by concluding the Full Faith and Credit Clause of the United States Constitution made the Nevada order enforceable. Under this issue, Patrick argues that, although the Nevada court "conclusively adjudicated Marie's entitlement to spousal maintenance" and "perhaps even her entitlement to Patrick's wages to satisfy it," the Nevada district court could nevertheless not "come into Texas and enforce" its order because the Texas Constitution forbids the garnishment of wages for debts other than child support and spousal maintenance.

We review the trial court's order de novo. *See Bryant v. Shields, Britton & Fraser*, 930 S.W.2d 836, 841 (Tex. App.—Dallas 1996, writ denied) (whether trial court erred by failing to afford liquidation order full faith and credit presented question of law to be reviewed de novo). Article IV, section 1 of the United States Constitution requires that each state give full faith and credit to the public acts, records, and judicial proceedings of every other state. U.S. CONST. art. IV, § 1; *Bard v. Charles R. Myers Ins. Agency, Inc.*, 839 S.W.2d 791, 794 (Tex. 1992). A properly proven foreign judgment or final, enforceable order must be recognized and given effect coextensive with that to which it is entitled in the rendering state. *Bard*, 839 S.W.2d at 794. The Full Faith and Credit Clause requires that a valid judgment or final order from one state be

enforced in other states regardless of the laws or public policy of the other states. *Id*. (citing *Underwriters Nat'l Assurance Co. v. N. Carolina Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 714 (1982)). Furthermore, a state cannot deny full faith and credit to another state's judgment or final order solely on the ground that it offends the public policy of the state where it is sought to be enforced. *Knighton v. Int'l Bus. Mach. Corp.*, 856 S.W.2d 206, 209 (Tex. App.—Houston [1st Dist.] 1998, writ denied); *see Fauntleroy v. Lum,* 210 U.S. 230, 236 (1908).

The party seeking to enforce a foreign judgment has the initial burden to present a judgment that appears on its face to be a "final, valid, and subsisting judgment." *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex. 1975); *Russo v. Dear*, 105 S.W.3d 43, 46 (Tex. App.—Dallas 2003, pet. denied). The opposing party has the burden of collaterally attacking the judgment by establishing a recognized exception to the full faith and credit requirements, that is, when a decree is interlocutory or subject to modification under the law of the rendering state, when the rendering state lacks jurisdiction, when the judgment was procured by fraud or is penal in nature, or when limitations have expired under section 16.066 of the Texas Civil Practice and Remedies Code. *Russo*, 105 S.W.3d at 46; *see Barber v Barber*, 323 U.S. 77, 79 (1944) (full faith and credit not required if decree is interlocutory or subject to modification under law of rendering state). The presumption of the judgment's validity can only be overcome by clear and convincing evidence. *Jonsson v. Rand Racing, L.L.C.*, 270 S.W.3d 320, 324 (Tex. App.—Dallas 2008, no pet.).

As the party attacking the validity of the Nevada order, Patrick bore the burden of showing an exception to the full faith and credit requirements. Patrick does not, however, raise an exception nor does he challenge the validity of the order. In fact, he concedes that the Nevada court "conclusively adjudicated Marie's entitlement to spousal maintenance." His only

argument is that the order cannot be enforced in Texas because the Texas Constitution prohibits the garnishment of wages except for court-ordered child support payments and spousal maintenance.

The confirmation of an order from a foreign court may result in the garnishment of a Texas resident's wages even though a Texas court would be limited or precluded from issuing the same substantive order against a Texas resident. *See Knighton*, 856 S.W.2d at 209−10; TEX. CONST. art. 16, § 28; *see also Texaco, Inc. v. LeFevre*, 610 S.W.2d 173, 176 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ). As the court noted in *Knighton*, this "is *not* a case wherein a party is seeking a Texas court order garnishing wages for the enforcement of a valid foreign judgment. That situation is clearly a different matter because Texas courts would then be asked to do an act which violates our Constitution." *Knighton*, 856 S.W.2d at 210. Here, Maria did not request that a Texas court enforce the order; rather, she asked only that Texas give full faith and credit to the order. Because Texas courts need do nothing to enforce the valid Nevada order, we cannot conclude the trial court erred by confirming it. *See id*. at 207 (holding that Texas courts should not interfere when "no action has been requested to enforce the valid judgment of a sister state," even when the judgment contained "an income deduction order.") We overrule Patrick's first issue.

In his second issue, Patrick contends the trial court's order denied his right to equal protection under both the United States and Texas Constitutions. To preserve an issue for appeal, a party must make a timely, specific objection or motion in the trial court that states the grounds for the desired ruling with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993); *In re E.G.L.*, 378 S.W.3d 542, 548 (Tex. App.—Dallas 2012, pet. denied), *cert. denied*, 134 S.Ct. 255

(2013). Because Patrick raises this argument for the first time on appeal, we conclude he has waived this issue. We overrule his second issue.

We affirm the trial court's order.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

130060F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICK DAUS, Appellant

No. 05-13-00060-CV      V.

MARIA DAUS AND THE STATE OF TEXAS, Appellees

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 10-10283.
Opinion delivered by Justice Francis, Justices Moseley and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees MARIA DAUS AND THE STATE OF TEXAS recover their costs of this appeal from appellant PATRICK DAUS.

Judgment entered this 14th day of May, 2014.

/Molly Francis/

MOLLY FRANCIS
JUSTICE