

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

April 17, 2017

The Honorable Jerry D. Rochelle
Bowie County Criminal District Attorney
601 Main Street
Texarkana, Texas 75504

Opinion No. KP-0138

Re: The effect of a conviction in another state, and a subsequent restoration of rights by the other state, on an individual's ability to run for or hold public office in Texas (RQ-0131-KP)

Dear Mr. Rochelle:

You seek an opinion on "whether an individual who was sentenced under . . . the Arkansas First Offender Act and who[se] rights were restored pursuant to the statutes of Arkansas and so ordered by the Circuit Court in Arkansas may run for office in Texas."[1] Information included with your request shows that a former mayor of Maud, Texas, pleaded guilty to a felony theft offense in Arkansas twenty-two years ago.[2] Documents attached to your request letter reveal that in 1994 the individual received a five-year "probated suspended sentence under [Arkansas] Act 346 . . . conditioned upon his future good behavior" and the payment of certain fees and costs in Clark County, Arkansas. *See* Attachment to Request Letter, (Motion to Terminate Probation). The individual was discharged early after having "satisfactorily fulfilled the conditions of his probated sentence." Attachment to Request Letter, (Order Terminating Probation). Some citizens in Maud question whether this individual is eligible for public office in Texas under the Election Code. *See* Request Letter and Attachment to Request Letter;[3] *see also* TEX. ELEC. CODE § 141.001(a)(4). The citizens also question whether this individual violated Texas law in filing an application for a place

---

[1]*See* Letter and attachment from Honorable Jerry D. Rochelle, Bowie Cty. Crim. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Sept. 26, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Attachment to Request Letter" respectively) (Attachment to Request Letter on file with the Op. Comm.).

[2]*See* Attachment to Request Letter, Lynn LaRowe, *Maud Mayor Not Guilty of Making False Claim*, TEXARKANA GAZETTE (Sept. 14, 2016), http://www.texarkanagazette.com/news/Texarkana/story/2016/sep/14/maud-mayor-not-guilty-making-false-claim/640085/).

[3]Letter from Glenda Wilson to Honorable Jerry Rochelle, Bowie Cty. Crim. Dist. Att'y (Sept. 16, 2016) (on file with the Op. Comm.).

on the ballot.[4] *See* TEX. ELEC. CODE § 141.031(a)(4)(G) (requiring a candidate's application for a place on the ballot to include a statement regarding the candidate's lack of felony convictions).

Election Code subsection 141.001(a)(4) makes ineligible for public office in this State a person who is "finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities." *Id.* § 141.001(a)(4). At the time of this individual's criminal matter before an Arkansas court, Arkansas Act 346 authorized a court to defer proceedings of a "defendant who previously has not been convicted of a felony" and place the defendant on probation "without . . . entering a judgment of guilt." ARK. CODE § 16-93-303(a)(1)(A)(i) (1995); *see State v. Webb*, 281 S.W.3d 273, 274 (Ark. 2008) ("Act 346 of 1975, known as the First Offenders Act, is codified at ARK. CODE §§ 16-93-301–16-93-305."). Upon a defendant's "fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof," a court was required to discharge the defendant "without court adjudication of guilt" and dismiss the case. ARK. CODE § 16-93-303(b) (1995); *see Duncan v. State*, 823 S.W.2d 886, 887 (Ark. 1992) (recognizing that a deferment under Arkansas Act 346 is not a conviction); *cf.,* TEX. CODE CRIM. PROC. art. 42.12(20). Nothing in the information you submitted to us demonstrates that the individual about whom you ask was finally convicted of a felony by the Arkansas court. *See* Attachment to Request Letter, (Order Terminating Probation); *Duncan*, 823 S.W.2d at 887 (recognizing that a deferment under Act 346 is not a conviction).

Even if Arkansas law considered the individual to have been "finally convicted," the plain language of Election Code section 141.001(a)(4) applies to only a final conviction "from which the person has not been pardoned or *otherwise released from the resulting disabilities.*" TEX. ELEC. CODE § 141.001(a)(4) (emphasis added); *see In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 280 (Tex. 2016) ("When construing a statute, we look to the plain language to determine the intent of the Legislature."); *cf.* TEX. CONST. art. XVI, § 2 (directing the Legislature to make laws imposing civil disabilities for conviction of certain crimes).[5] Thus, a person released from the disabilities of a final conviction is not disqualified under subsection 141.001(a)(4) from holding public office in Texas. And the information you provide establishes that pursuant to Arkansas Act 346, an Arkansas court ordered the termination of this individual's probated sentence. *See* Attachment to Request Letter, (Order Terminating Probation). That judicial order states that the individual at issue here is "exonerated of any criminal purpose, and . . . is hereby released from all penalties and disabilities" resulting from the criminal proceedings." *Id.*

Article IV, section 1 of the United States Constitution requires that each state give "full faith and credit" to "the public acts, records, and judicial proceedings of every other state." *Bard v. Charles R. Myers Ins. Agency, Inc.*, 839 S.W.2d 791, 794 (Tex. 1992) (quoting U.S. CONST. art. IV, § 1). The Clause requires each state to recognize and give effect to valid judgments rendered by the courts of its sister states. *See Bard*, 839 S.W.2d at 794–95. With respect to judgments, the "full faith and credit obligation is exacting. A final judgment in one State, if rendered by a court

---

[4]*See id.*

[5]*See e.g.,* TEX. ELEC. CODE § 11.002(a)(4) (qualification as a voter); TEX. GOV'T CODE § 62.102(8) (disqualification from jury).

with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 (1998); *see also Milliken v. Meyer*, 311 U.S. 457, 462 (1940) ("[I]f the judgment on its face appears to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself." (quotation marks omitted)). Absent any evidence that the Arkansas court's judgment was invalid, the Full Faith and Credit Clause requires the State of Texas to recognize the Arkansas court's order. Accordingly, the individual's release from the penalties and disabilities of the offense by an Arkansas court must be recognized by Texas as a release of penalties and disabilities of the offense. *Cf.* Attachment to Request Letter, (Order Terminating Probation) (stating that "Movant is exonerated of any criminal purpose, and Movant is hereby released from all penalties and disabilities resulting from this proceeding"). As the penalties and disabilities of this individual's offense have been removed, subsection 141.001(a)(4) does not render him ineligible to hold public office in Texas. *See* TEX. ELEC. CODE § 141.001(a)(4) (making ineligible a person who is "finally convicted . . . [or] *has not been pardoned or otherwise released from the resulting disabilities*" (emphasis added)).

While this office does not determine as a matter of law whether particular actions constitute a criminal offense, we can advise you that because the individual's release of penalties and disabilities is within the scope of Election Code subsection 141.001(a)(4), it is unlikely that a court would determine this individual violated section 141.031 by failing to identify the 1994 Arkansas court action on his application for a place on the ballot. *See* Tex. Att'y Gen. Op. No. GA-0956 (2012) at 3 (stating that the question whether "a person has committed a crime in any particular circumstances is a question of fact that cannot be resolved in an attorney general opinion").

## S U M M A R Y

Under the Full Faith and Credit Clause of the United States Constitution, the State of Texas must recognize an Arkansas court's valid order dismissing a felony charge and releasing an individual from the penalties and disabilities of that charge in Arkansas. An individual for whom the penalties and disabilities have been removed by an Arkansas court is not prohibited by Election Code subsection 141.001(a)(4) from holding public office in Texas.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee